**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

FARAON ROBLEDO–RIVERA,

      Defendant–Appellant.

No. 06-2287

(D.C. No. CR-06-821 JP)

(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Defendant pleaded guilty to illegal re-entry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). Defendant was sentenced to fifty-seven months' imprisonment, the bottom of the applicable advisory Guidelines' range. Defendant challenges the length of his sentence.

Defense counsel has filed a motion to withdraw and a brief in support of that motion in compliance with *Anders v. California*, 386 U.S. 738 (1967). Counsel asserts that Defendant's ground for appeal is without merit and that there

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

are no other non-frivolous issues for appeal.

We agree with counsel that the district court correctly calculated the Guidelines' range and imposed a reasonable sentence. Although Defendant did argue at sentencing that he "was fooled and deceived" about the possible length of his sentence and "need[ed] another lawyer" as a result (Sent'g Hr'g at 4), there is no evidence in the record to support that allegation. There was extensive examination at the plea hearing regarding Defendant's understanding of the charge and possible sentence ranges applicable as a result of his criminal history. Defendant acknowledged that those ranges were only a "best guess" (Plea Hr'g at 12) and that at sentencing he could "get a more severe sentence" (*id.* at 13). Defendant also stated that he was satisfied with his attorney's representation and had knowingly and voluntarily pleaded guilty after adequate discussion with his attorney. At sentencing, Defendant reconfirmed his statements of guilt and acknowledged that his offense level and criminal history category were properly calculated. In addition, the sentencing court considered Defendant's history of robbery, the pre-sentence report, and the § 3553 factors before sentencing Defendant at the bottom of the correctly-calculated Guidelines' range.

After fully examining the record and considering the *Anders* brief filed by Defendant's counsel, we conclude that there are no non-frivolous issues upon which Defendant may base his appeal. We can discern no basis for challenging his guilty plea or his sentence. We therefore **GRANT** counsel's motion to

withdraw and **AFFIRM** the judgment and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge